UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-CR-74 (MJD/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| DEAN EARL WILKENS, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon the Motions of the Defendant to Sever the Counts in the Indictment. The case has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on June 1, 2012. The Government appeared by Assistant United States Attorney Clifford B. Wardlaw and the Defendant appeared personally and by his attorney, Marc G. Kurzman. For reasons outlined below, the Court recommends that the Defendant's Motion be DENIED.

**I.     BACKGROUND**

On May 21, 2012, Defendant Dean Earl Wilkens was indicted on three counts of aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C),  one count of aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(a)(1), 2246(2)(A), and one count of abusive sexual contact in violation of 18 U.S.C. §§ 1151, 1153(a), 2244(a)(5), and 2246(3). The events underlying the indictment are alleged to have occurred between December 12, 2008 and December 12, 2011 within the boundaries of the Red Lake Indian Reservation.

**II.     DISCUSSION**

1

The Defendant argues that the first three counts of the Indictment all involving the same alleged victim should be severed from the other two counts of the indictment involving two different victims because the Defendant would be prejudiced at trial by the admission of evidence on some counts that otherwise may not be admissible on other counts.  In response, the Government argues that a joint trial would serve the interests of efficiency because the offenses are similar in character and the same evidence would be used for all three trials.

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of offenses.  It states that "[t]wo or more offenses may be charged in the same indictment ... in a separate count for each offense if the offenses charged ... are of the same or similar character." Fed. R. Crim. P. 8(a).

Initially, the Court notes that the three counts of the Indictment were properly joined pursuant to Rule 8 because they involve offenses that are the same or similar in character. "'[W]here the offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate.'" United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001)(quoting United States v. McClintic, 570 F.2d 685, 689 (8th Cir. 1978)). The Defendant was initially indicted on three counts of aggravated sexual abuse of a minor, identified as Jane Doe No. 1.  A superseding indictment also added one count of aggravated sexual abuse of a minor identified as Jane Doe No. 2, and one count of abusive sexual contact of a minor identified as Jane Doe No. 3.  The offenses all involve allegations of sexual misconduct occurring during the same relative period of time.  Moreover, the record at the hearing suggests that the victims are all related.

When joinder is proper under Rule 8, as it is in the present case, the defendant seeking a severance has the burden to demonstrate how a joint trial will prejudice his right to a fair trial. United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995), cert. denied, 517 U.S. 1149 (1996). Federal Rule of Criminal Procedure 14 provides that a district court may order separate trials if a joint trial would cause prejudice to the defendant. "The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes." United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008). Still, "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Al–Esawi, 560 F.3d 888, 891 (8th Cir. 2009). Therefore, separate trials are required only when the prejudice to a defendant will be "severe or compelling." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005), cert. denied, 546 U.S. 994 (2005).

Here, the Defendant has not demonstrated that this is one of those rare cases where a joint trial will cause severe or compelling prejudice.  "'Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant['s] separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.'" United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984)); see also United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008) ("A joint trial does not result in additional prejudice where evidence of one charge would have been admissible in a separate trial on another.") In this case, even if the counts were severed, the evidence would be substantially the same given the close relationship and similarity of the charges. The same witnesses would have to testify at multiple trials. Moreover, Federal Rule of Evidence 414 provides that "[i]n a criminal case in which the

defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). As a consequence, proof as to the counts involving each victim could likely also be admissible for the counts involving the other victims. See United States v. Rivera, 546 F.3d 245, 254 (2nd Cir. 2008); United States v. Worman, 2008 WL 3984160, at *3 (E.D. Pa. Aug. 28, 2008); United States v. Bear, 2008 WL 4186193, at *1 (D. S.D. Sept. 9, 2008). Accordingly, the Defendant will not be severely prejudiced by a joint trial. See Tyndall, 263 F.3d at 850 (denying motion to sever two counts alleging sexual abuse against two different victims in connection with incidents that occurred one year apart because the evidence of one offense would be admissible in the trial of the other offense); United States v. Running Horse, 175 F.3d 635, 637 (8th Cir. 1999)(denying motion to sever trial for sexual abuse of one victim from the trial for sexual abuse of a second victim because evidence of the other sexual offenses would have been admissible in the trial on the count that the defendant sought to sever).

In sum, because the offenses are similar in character and the Defendant has failed in his burden to show that a joint trial will cause him severe prejudice, the Defendant's motion to sever should be denied.

**V. CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED**

1. That the Defendant's Motion for Separate Trial on Counts [Docket No. 33] be **DENIED.**

Dated: June 6, 2012                              s/ Leo I. Brisbois\_\_\_
                                                 LEO I. BRISBOIS
                                                 United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 20, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.