## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                **MEMORANDUM OF LAW & ORDER**
                                                   Criminal File No. 12-74 (MJD/LIB)

(1) DEAN EARL WILKENS,

      Defendant.

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Marc G. Kurzman, Kurzman Grant Law Office, Chtd., Counsel for Defendant.

## I.   INTRODUCTION

This matter is before the Court on the Government's Motion to Quash Rule

17 Subpoenas [Docket No. 44], Defendant's Motion in Limine [Docket No. 49],

and on the letter request from the Goodridge Public Schools.  All three

documents relate to Defendant's subpoenas duces tecum.

## II.   BACKGROUND

Defendant Dean Earl Wilkens has been indicted, in the Superceding

Indictment, of Count One, Aggravated Sexual Abuse (Jane Doe #1); Count Two,

Aggravated Sexual Abuse (Jane Doe #1); Count Three, Aggravated Sexual Abuse

(Jane Doe #1); Count Four, Aggravated Sexual Abuse (Jane Doe #2); and Count

Five, Abusive Sexual Contact (Jane Doe #3).  Defendant's trial is set to start on

Tuesday, July 17, 2012.

## III.   DISCUSSION

### A.   Rule 17 Standard

Under Federal Rule of Criminal Procedure 17, in certain instances, a

defendant may subpoena documents from third parties before trial:

> A subpoena may order the witness to produce any books, papers,
> documents, data, or other objects the subpoena designates.  The
> court may direct the witness to produce the designated items in
> court before trial or before they are to be offered in evidence. When
> the items arrive, the court may permit the parties and their attorneys
> to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).  "The Supreme Court has made clear that subpoenas

duces tecum are not meant to serve as tools of discovery in criminal cases, but

are instead means by which to expedite the trial by providing a time and place

prior to trial for the inspection of subpoenaed materials."  United States v.

Bueno, 443 F.3d 1017, 1026 (8th Cir. 2006) (citing United States v. Nixon, 418 U.S.

683, 698–99 (1974)).

In order to obtain a Rule 17(c) subpoena, the defendant must "clear three

hurdles: (1) relevancy; (2) admissibility; (3) specificity."  Nixon, 418 U.S. at 700.

"Notably, [t]hese specificity and relevance elements require more than the title of

a document and conjecture as to its contents." United States v. Hang, 75 F.3d

1275, 1283 (8th Cir. 1996) (citation omitted).

> Even when the moving party has shown that a subpoena seeks
> relevant, admissible, and specific evidence, a court must still
> consider other factors, including whether: (1) the materials could be
> procured through other means, before trial, by the exercise of due
> diligence; (2) the party cannot adequately prepare for trial without
> advance production of the documents, and the failure to obtain the
> documents may tend to unreasonably delay the trial; and (3) the
> request for the materials is made in good faith and not as a general
> "fishing expedition."

United States v. Shepard, No. 4:09 CR 423 RWS DDN, 2010 WL 750110, at *2

(E.D. Mo. Feb. 26, 2010) (citing Nixon, 418 U.S. at 699-700).

**A.     Government's Motion to Quash Rule 17 Subpoenas [Docket No. 44] and Defendant's Motion in Limine [Docket No. 49]**

Defendant requests a Court order for in camera review of medical and

counseling notes regarding the alleged victims and disclosure of all exculpatory

information within those notes.  Specifically, he seeks to know whether any of

the alleged victims have been victims of sexual abuse before the allegations in the

Superceding Indictment; the number of times the alleged victims were

interviewed regarding the allegations in the Superceding Indictment; details

regarding those interviews; information regarding steps taken after Judy Wilkens

stated that Jane Doe #1 admitted that she had lied about the allegations against

Defendant; and information regarding steps taken after Judy Wilkens allegedly

disclosed that Jane Doe #1 had been previously sexually abused.

The Government asserts that it has provided all forensic interviews of all

the children to the defense, as well as all relevant reports.  To the extent that

Defendant argues that he needs information regarding the interviews of the

children because he seeks to show that their statements could be the result of

leading and suggestive questioning, the Government represents that Defendant

does already possess all information regarding the interviews of the children, so

this request is moot.  The Government further represents that it has already

disclosed the interview of Judy Wilkens.

In its motion, the Government moves to quash the subpoenas that

Defendant has directed to Red Lake Family and Children Services and the

Northern Minnesota Family Advocacy Center ("FAC").  The subpoenas order the

recipients to produce "All records (including, but not limited to, written reports,

handwritten notes, computerized documents, photographs, admissions, etc.)

relating to the investigation of any and all alleged sexual abuses(s) of the

following three persons: [D.J.]; [T.J.]; [L.B.]."  The Government argues that the

subpoena is improper because there is no showing that the evidence sought is

relevant, admissible, and requested with specificity.

Defendant responds that he is seeking records regarding previous sexual

victimization and/or exposure to sexual activities within the domiciles of the

victims.  He claims that he has evidence that Jane Doe #1 was previously sexually

abused.  Defendant further asserts that the Government is expected to argue that

Jane Doe #1 could not have known sexual details of what allegedly occurred

during Defendant's abuse of her unless the abuse actually occurred.  Defendant

concludes that evidence that Jane Doe #1 was previously sexually abused will

show that she could have come by that knowledge in another manner, so it is

relevant to his defense.

Because the Government does not respond to Defendant's claim that there

was previous sexual abuse of Jane Doe #1 or Defendant's claim that the

Government will seek to argue that Jane Doe #1 could only have known details

of sexual activity if Defendant sexually abused her, it is not clear whether

evidence that Jane Doe #1 had been previously sexually abused would be relevant or admissible at trial.

Based on Defendant's allegations and the Government's failure to address them, the requested information might be relevant and admissible insofar as it evidences previous sexual abuse of Jane Doe #1 by someone other than Defendant. The request for records related to sexual abuse of the three victims is specific. Therefore, the Court denies the Government's motion to quash and grants, in part, Defendant's motion in limine, and will conduct an in camera review of the documents subpoenaed from the FAC and Red Lake Family and Children Services. If the documents become relevant and admissible – in that the Government does attempt to argue that one or more of the victims could not have known a particular level of sexual detail unless Defendant abused them – the Court will provide the responsive documents to the defense.

Defendant further argues that he seeks relevant information from the FAC and Red Lake Family and Children Services and the Goodridge County Schools that Jane Doe #1 lied about her allegations against Defendant, that she was previously abused, and that certain non-victims are not credible. He also asserts

that the Government declined to follow up on Judy Wilkens' disclosure that Jane

Doe #1 indicated that she had made up the stories about Defendant.

The allegations regarding Judy Wilkens and fabricated claims of sexual

abuse do not appear to be specifically related to the request for documents from

third parties.  Defendant seems to be raising an objection to the manner in which

the Government conducted its investigation.  Any exculpatory evidence

regarding that issue that is in the Government's possession is already subject to

disclosure under Brady.

The Court will deny Defendant's motion as it relates to the overly broad

subpoenas to the Goodridge Public Schools, as discussed in the next section.  The

parties have not addressed the subpoenas that were directed to law enforcement,

such as the Red Lake Police Department, that were attached as exhibits to

Defendant's response.  Therefore, the Court will not address those subpoenas

and will only order in camera review for the records from the FAC and the Red

Lake Family and Children Services.

**B.      Letter Request from the Goodridge Public Schools**

The Goodridge Public Schools have received two subpoenas from

Defendant.  Defendant has submitted these subpoenas as exhibits to his response

to the Government's motion in limine.  Defendant has subpoenaed Goodridge

Public Schools Social Worker Jeri Nomeland and the school's records custodian

to produce:

> All memoranda, reports and/or recordings (audio and/or visual)
> with regard to any and all interviews of the following children;
> [D.J.]; [T.J.], [L.B]; [D.B.].  Also, all school records on the following
> children, to include, but not be limited to, all counseling records,
> school performance records, disciplinary actions, correspondence
> with (to and from) parents/custodians (including emails): [D.J.];
> [T.J.]; [L.B.]; [D.B.]; [M.B.]; [J.J.].

Minnesota law provides that schools are required to produce private

educational data only in response to a valid court order or with the informed

consent of a parent or guardian.  Minn. Stat. § 13.32, subd. 3.  The Goodridge

Public Schools have not received consent from a parent or guardian, so a court

order permitting the data disclosure is required.  Through the letter, the

Goodridge Public Schools are complying with their obligation under Minnesota

Rule § 1205.0100, subpart 5, that the "court's attention shall be called, through

the proper channels, to those statutory provisions, rules, or regulations which

restrict the disclosure of such information."

Defendant asserts that these subpoenas seek information regarding

investigations of previous sexual abuse and information regarding the credibility

of certain non-victims.  Defendant believes that Social Worker Jeri Nomeland

was meeting regularly with Jane Does #1-3, before the stories of abuse were

revealed, about certain relatives, who were interviewed by FAC, some of whom

will be called as witnesses for Defendant or the Government.

The Court will not issue an order for the Goodridge Public Schools to

release the private educational data and will quash the subpoenas duces tecum

to the Goodridge Public Schools and Goodridge Public Schools Social Worker

Jeri Nomeland because they are lacking specificity and relevance.  "Notably,

[t]hese specificity and relevance elements require more than the title of a

document and conjecture as to its contents."  United States v. Hang, 75 F.3d 1275,

1283 (8th Cir. 1996) (citation omitted).  The request is extremely broad –

requesting all school records for all time periods for six students.  It would seem

to cover everything from report cards to permission slips to disciplinary records

from kindergarten to the present day.  There is a complete lack of specificity and

there is no apparent relevance, apart from a general assertion that the evidence

will go to witness credibility.  These subpoenas are the essence of the type of

fishing expedition that is not permitted under the Rules.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.   The Government's Motion to Quash Rule 17 Subpoenas [Docket No. 44] is **GRANTED IN PART** and **DENIED IN PART** as follows: The Court will conduct an in camera review of the documents subpoenaed from the Red Lake Family and Children Services and the Northern Minnesota Family Advocacy Center.

2.   Defendant's Motion in Limine [Docket No. 49] is **GRANTED IN PART** and **DENIED IN PART** as follows: The Court will conduct an in camera review of the documents subpoenaed from the Red Lake Family and Children Services and the Northern Minnesota Family Advocacy Center.

3.   The subpoenas duces tecum directed to the Goodridge Public Schools and to Goodridge Public Schools Social Worker Jeri Nomeland are **QUASHED**.

Dated:  July 13, 2012               s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court