UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 12-74 (MJD/LIB)

(1) DEAN EARL WILKENS,

       Defendant.

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Dean Earl Wilkens, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Dean Earl Wilkens' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 101]

## II.    BACKGROUND

On March 20, 2012, Defendant was indicted for three counts of aggravated sexual abuse. [Docket No. 9] A Superceding Indictment was filed on May 21, 2012, charging Defendant with five counts:

Count 1: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C);

Count 2: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C);

Count 3: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(a)(1), and 2246(2)(A);

Count 4: Aggravated Sexual Abuse against Jane Doe #2 [T.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C); and

Count 5: Abusive Sexual Contact against Jane Doe #3 [L.B.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(a)(5), and 2246(3). [Docket No. 30]

A jury trial commenced on July 17, 2012.  On July 18, the Government moved to dismiss Count 5 of the Superceding Indictment, and the Court granted that motion. [Docket Nos. 55-56 ] The videotaped forensic interview of L.B. was not played for the jury.  When the Government closed its case, it alerted the Court that, although Government Exhibit 9 had not been played for the jury, it had been admitted into evidence.  The Court directed that Exhibit 9 be withdrawn because Count 5, to which it was related, had been dismissed. (Tr. 367-68.)  At the close of the case, the issue of Exhibit 9 was raised again.  (Id. 587-

88.) Over defense counsel's objection, the Court again ordered the exhibit withdrawn. (Id.)

During trial, Defendant called Judith Jourdain, the victims' grandmother, as a witness. On direct examination by defense counsel, Jourdain testified that D.J. told Jourdain that she had fabricated the story of abuse by Defendant because D.J. wanted to move back with her mother. (Tr. 377.) Jourdain also testified that the Government's attorney had accused her of lying about that story and that she had been threatened with consequences if she came and testified at trial that D.J. had recanted. (Id. 379.) The Government objected that it had explained to Jourdain that, if she knew that sexual abuse was occurring, it is a felony offense and if she told the children victims not to say anything, that is obstruction of justice. (Id. 379-80.) The Government had then advised Jourdain to talk to a lawyer. (Id. 380.) After hearing the Government's explanation, the Court appointed a defense attorney to advise Jourdain of her Fifth Amendment rights. (Id.) After meeting with the defense attorney, Jourdain invoked her Fifth Amendment right to remain silent. (Id. 383-84.) Because Jourdain became unavailable to the Government for cross examination, the Court then struck all of Jourdain's testimony. (Id. 389-90.)

On July 24, 2012, the jury returned a verdict of guilty on all remaining counts, Counts 1-4. [Docket No. 62]  On December 10, 2012, the Court sentenced Defendant to 360 months on each count, to be served concurrently.  [Docket No. 73, 76]

Defendant appealed his conviction to the Eighth Circuit Court of Appeals, arguing that this Court erred in denying his motion to sever counts; excluding the videotaped interview of L.B., Government Exhibit 9; striking Jourdain's testimony; sustaining relevancy objections to testimony about the victims' history of sexual abuse; and sustaining relevancy objections to evidence of the difficult relationship between the victims' fathers and Defendant.  United States v. Wilkens, 742 F.3d 354, 358 (8th Cir. 2014).  The Eighth Circuit affirmed Defendant's conviction.  Id. at 364.

The United States Supreme Court denied certiorari on June 9, 2014.  134 S. Ct. 2744 (2014).  Defendant has now filed a timely pro se motion under 28 U.S.C. § 2255.

III.   DISCUSSION

    A.   **Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). An exception exists "only when petitioners have produced convincing new evidence of actual innocence." Id. This exception is "rare, and available only in the extraordinary case." Id. (citations omitted).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.    Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the

reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### C.   Defendant's Stated Grounds for Relief

Defendant asserts six grounds for his § 2255. First, counsel was ineffective for failing to investigate and prepare for all proceedings. Second, counsel was ineffective for failing to adequately investigate Defendant's theory that the victims' fathers committed the abuse alleged. Third, counsel was ineffective for failing to make an offer of proof regarding Rena Parisien's excluded testimony. Fourth, this Court erred in restricting Defendant's attempt to introduce evidence of abuse by someone else. Fifth, counsel was ineffective for failing to engage a medical expert to challenge the victims' allegations of penetration. Sixth, the Government committed prosecutorial misconduct.

### D. Ground One: Ineffective Assistance of Counsel for Failure to Prepare

"[T]rial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary." Link v. Luebbers, 469 F.3d 1197, 1203 (8th Cir. 2006). However, it is Defendant's "burden to overcome the strong presumption that counsel's decision to forgo additional [investigation] was reasonable." Id. Even if trial counsel "unreasonably refused to interview witnesses, [Defendant] still must show a reasonable probability that, but for his lawyer's alleged poor performance," the outcome would have been different. Payne v. United States, 78 F.3d 343, 348 (8th Cir. 1996). Here, Defendant fails to show how counsel's alleged failure to investigate or present certain evidence prejudiced Defendant's case.

#### 1. Alibi Evidence

Defendant asserts that he had alibi information regarding his whereabouts in the weeks leading up to and on the dates of the alleged sexual abuse; however, his defense counsel failed to investigate Defendant's alibi evidence, which caused prejudice at trial. Defendant has submitted a declaration stating that he was not near the victims on the dates and times that the abuse took place. He asserts that his attorney did not follow up with witnesses regarding his

whereabouts on these dates and told him that this timeline did not matter because the victims did not need to be sure of particular dates or times when accusing him of abuse. (Wilkens' Decl. at 28.)

According to Defendant's own Declaration, his attorney evaluated the alibi information Defendant provided and made a reasonable decision to focus on other aspects of the case because the specific dates and times of the abuse were not material. This strategic decision was reasonable considering that the victims alleged that Defendant had sexually abused them over a period of several years. (See, e.g., Tr. 167-68.)

### 2. Photographs of the Bunkbeds

Defendant further argues that his counsel erred by failing to take photographs of the victims' bunkbeds, which would have shown that the bottom bunk was high off of the floor, so no one could hide under it without being seen.

Defendant's argument that a photograph of the bunkbeds would have impeached the victims' credibility is speculative. He cannot show a reasonable probability that such evidence would have changed the outcome at trial.

### 3.     Evidence that D.J. Recanted

Defendant further claims that his trial counsel should have sought more evidence and witness testimony to prove that D.J. had recanted her allegation of sexual abuse by Defendant. The Court holds that Defendant cannot show deficient performance or prejudice. Defense counsel subpoenaed documents and questioned relevant witnesses during trial regarding this allegation.

During trial, D.J. was questioned regarding whether she ever told Jourdain that she made up the allegations of sexual abuse, and she testified that she had not. (Tr. 169.) Tammy Brummitt testified that she had heard a communication between D.J. and her son, D.B., in which D.J. stated that she had made up the allegations against Defendant. (Id. 399-400.) Brummitt further testified that she had reported D.J.'s confession to Rena Parisien, case manager at Red Lake Family and Children Services. (Id. 401.) Defense counsel asked D.B. whether D.J. had told him that she had fabricated the allegation against Defendant; D.B. testified that she had not. (Id. 413.) When Parisien was questioned, she testified that Brummitt had not told her that D.J. had admitted lying. (Id. 529.) Furthermore, the Court conducted an in camera review of documents from the Northern Minnesota Family Advocacy Center and Red Lake Family and Children Services and provided the relevant documents to the defense. [Docket Nos. 53-54]

10

Finally, Defense counsel questioned Jourdain regarding whether D.J. had recanted to her. (Tr. 377.) To the extent that Defendant asserts error regarding the exclusion of Jourdain's testimony, the Court rejects his argument. The Eighth Circuit upheld this Court's exclusion of Jourdain's testimony after she invoked her Fifth Amendment right to remain silent and became unavailable for cross examination by the Government.

### E. Ground Two: Ineffective Assistance of Counsel for Failure to Investigate Theory that the Victims' Fathers Committed the Abuse

Defendant asserts that his trial counsel was ineffective for failing to find and present evidence that the victims were sexually abused by their fathers and for failing to file a Rule 412 notice.

First, Defendant argues that his counsel should have introduced evidence that Courtney Bliner sexually abused L.B. On July 18, 2012, the Court granted the Government's motion to dismiss Count 5, which was the only count that involved L.B. On July 19, defense counsel attempted to introduce testimony that Bliner had sexually abused L.B. and D.B., a victim not named in any of the Counts. (Tr. 395-98.) The Court sustained the Government's relevance objection. On July 20, trial counsel again sought to admit evidence to show that L.B. was sexually abused by her father and to ask whether Bliner had sexually abused any

other children.  (Id. 535-36.)  The Court again sustained the Government's relevancy objection.  The Court concludes that Defendant cannot show deficiency or prejudice because, at the time defense counsel sought to admit testimony that Bliner had sexually abused L.B., Count 5, regarding L.B., had already been dismissed.  There was no evidence that Bliner had sexually abused the remaining two victims, D.J. or T.J., and Defendant points to no such evidence now.  Thus, evidence that Bliner allegedly abused L.B. or D.B. was irrelevant and, additionally, inadmissible under Federal Rule of Evidence 403.

    Second, Defendant claims that Ricky Jourdain sexually abused his daughter, D.J., based on evidence that D.J. went to live with her father but returned after a short time and neither of them spoke to one another afterwards.  Defendant's claim that Ricky Jourdain sexually abused D.J. is based on pure speculation.  He cannot show deficiency or prejudice for his trial counsel's failure to pursue this avenue of inquiry.

    Third, Defendant claims that he was denied a fair trial through exclusion of Government Exhibit 9, which would have shown a pattern of misconduct by the interviewers of the victims.  The Eighth Circuit addressed the admission of Exhibit 9 on direct appeal and upheld this Court's decision to withdraw the

exhibit, over defense counsel's objection, based on its marginal relevance and potential to confuse the jury.  Defendant cannot reargue an issue that was already decided on direct appeal.

>    **F.     Ground Three: Ineffective Assistance of Counsel for Failing to Make an Offer of Proof Regarding Rena Parisien's Testimony**

Defendant asserts that, during trial, his counsel erred by failing to object to the exclusion of case manager Rena Parisien's direct testimony regarding whether Bliner had sexually abused any children other than L.B. and failing to preserve the issue for appeal.  Defendant concludes that, because his counsel failed to make an offer of proof regarding Parisien's testimony, on appeal, the Eighth Circuit upheld exclusion of the testimony because it was unclear whether Parisien's testimony would have included information that T.J. or D.J. had been sexually abused by Bliner.  Wilkens, 742 F.3d at 363.

The Court concludes that Defendant cannot show prejudice.  During defense counsel's cross examination of Parisien, he asked whether there were concerns about Bliner being abusive to L.B.  (Tr. 535.)  The Court sustained a relevancy objection because the Count related to L.B. had been dismissed.  (Id.)  Then defense counsel asked Parisien if any other children had indicated that they had been sexually abused by Bliner.  (Id. 535-36.)  The Court again sustained a

relevancy objection.  (Id. 536.)  Defendant cannot show that defense counsel's failure to make an offer of proof regarding how Parisien would have answered the second question caused prejudice because Defendant points to no evidence that Bliner sexually abused D.J. or T.J.

### G.     Ground Four: District Court Error

Defendant asserts that the Court erred when it disallowed evidence regarding Ricky Jourdain's alleged sexual abuse of his daughter, D.J.  He notes that D.J. went to live with her father but returned after only two weeks and neither of them spoke to one another afterwards.  Defendant claims that this evidence shows that something happened between them and this Court should have allowed inquiry into this potential exculpatory evidence.

The Court rejects Defendant's argument.  To conclude from the cited evidence that Ricky Jourdain sexually abused D.J. is pure speculation.  As such, the evidence is irrelevant and inadmissible under Federal Rule of Evidence 403.

### H.     Ground Five: Ineffective Assistance of Counsel for Failure to Engage a Medical Expert

Defendant argues that his trial counsel was ineffective for failing to consult with or call a medical expert to challenge the victims' allegations of penetration

in light of the fact that there was no physical evidence of trauma. The Court concludes that Defendant cannot show prejudice.

Brittany Burkel, forensic nurse clinician at the Family Advocacy Center of Northern Minnesota, and Jennifer Fraik, family nurse practitioner at the Family Advocacy Center of Northern Minnesota, both testified that there were no physical findings during the medical exams of D.J. and T.J. (Tr. 278-80, 295-96, 301-02.) Burkel testified that it was "very common to have no findings," that she would not expect to see physical findings for slight penetration, and that D.J.'s medical examination was not inconsistent with her verbal report of sexual abuse. (Id. 278-80, 295-96.) Similarly, Fraik testified that it was common to have no physical findings, that a finding of no physical findings was not inconsistent with D.J.'s and T.J.'s reports of sexual abuse, and that Fraik would not always expect to find physical findings after penetration. (Id. 301-02.) Both Burkel and Fraik provided neutral findings; neither opined that sexual penetration did occur. It was not unreasonable for defense counsel to not call in a medical expert and to pursue other avenues of defense. Moreover, Defendant fails to show that there was a medical expert who would have testified that that the absence of physical findings means that no penetration occurred.

### I.     Ground Six: Prosecutorial Misconduct

Defendant argues that the Government committed prosecutorial misconduct by withdrawing Count 5.  He argues that law enforcement coerced L.B. to accuse him of abuse and that his trial counsel expected the jury to see that she had been pressured to lie, giving rise to reasonable doubt about all three victims.  He concludes that, by withdrawing Count 5, the Government thwarted that defense.  As the Court has noted, on appeal, the Eighth Circuit upheld this Court's decision to withdraw Exhibit 9 from evidence after Count 5 was dismissed.  Defendant cannot reassert that same argument by framing the issue as prosecutorial misconduct.

Defendant further claims that the Government engaged in prosecutorial misconduct by threatening Jourdain.  He asserts that these threats caused her to take the Fifth Amendment so that all of her testimony was excluded, prejudicing Defendant.  The Eighth Circuit addressed and rejected this argument on direct appeal.  Wilkens, 742 F.3d at 361-62.  Defendant cannot reassert the argument now.

### J.     Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid

16

claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Dean Earl Wilkens' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 101] is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 14, 2016                s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court