UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 12-74 (MJD/LIB)

(1) DEAN EARL WILKENS,

       Defendant.

Deidre Y. Aanstad, Assistant United States Attorney, and Gina L. Allery, Special Assistant United States Attorney, Counsel for Plaintiff.

Dean Earl Wilkens, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Dean Earl Wilkens' Motion for a New Trial under Federal Rules of Criminal Procedure 33. [Docket No. 124]

## II.    BACKGROUND

On March 20, 2012, Defendant was indicted for three counts of aggravated sexual abuse. [Docket No. 9] A Superceding Indictment was filed on May 21, 2012, charging Defendant with five counts:

1

> Count 1: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C);
>
> Count 2: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C);
>
> Count 3: Aggravated Sexual Abuse against Jane Doe #1 [D.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(a)(1), and 2246(2)(A);
>
> Count 4: Aggravated Sexual Abuse against Jane Doe #2 [T.J.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2241(c), 2246(2)(B), and 2246(2)(C); and
>
> Count 5: Abusive Sexual Contact against Jane Doe #3 [L.B.], in violation of 18 U.S.C. §§ 1151, 1153(a), 2244(a)(5), and 2246(3).

[Docket No. 30]

A jury trial commenced on July 17, 2012. On July 18, the Government moved to dismiss Count 5 of the Superceding Indictment, and the Court granted that motion. [Docket Nos. 55-56] On July 24, 2012, the jury returned a verdict of guilty on all remaining counts, Counts 1-4. [Docket No. 62] On December 10, 2012, the Court sentenced Defendant to 360 months on each count, to be served concurrently. [Docket No. 73, 76]

Defendant appealed his conviction to the Eighth Circuit Court of Appeals, arguing that this Court erred in denying his motion to sever counts; excluding

the videotaped interview of L.B., Government Exhibit 9; striking Judith Jourdain's testimony; sustaining relevancy objections to testimony about the victims' history of sexual abuse; and sustaining relevancy objections to evidence of the difficult relationship between the victims' fathers and Defendant. United States v. Wilkens, 742 F.3d 354, 358 (8th Cir. 2014). The Eighth Circuit affirmed Defendant's conviction. Id. at 364. The United States Supreme Court denied certiorari on June 9, 2014. Wilkens v. United States, 573 U.S. 912 (2014).

On March 30, 2015, Defendant filed a timely pro se motion under 28 U.S.C. § 2255. [Docket No. 101] Defendant asserted six grounds for his § 2255. First, counsel was ineffective for failing to investigate and prepare for all proceedings. Second, counsel was ineffective for failing to adequately investigate Defendant's theory that the victims' fathers committed the abuse alleged. Third, counsel was ineffective for failing to make an offer of proof regarding Rena Parisien's excluded testimony. Fourth, this Court erred in restricting Defendant's attempt to introduce evidence of abuse by someone else. Fifth, counsel was ineffective for failing to engage a medical expert to challenge the victims' allegations of penetration. Sixth, the Government committed prosecutorial misconduct.

On March 14, 2016, the Court denied Defendant's motion under § 2255 and denied a certificate of appealability. [Docket No. 112]; United States v. Wilkens, No. CR 12-74 (MJD/LIB), 2016 WL 1048886 (D. Minn. Mar. 14, 2016). Defendant appealed this Court's Order. On September 29, 2016, the Eighth Circuit denied Defendant's application for a certificate of appealability and dismissed the appeal. [Docket No. 122]

On March 18, 2019, Defendant filed the current pro se Motion for New Trial under Federal Rules of Criminal Procedure 33.

### III. DISCUSSION

#### A. Relief under Federal Rule of Criminal Procedure 33

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may vacate any judgment and grant a new trial if the interest of justice so requires.

"Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Id. 33(b)(2).

4

Defendant was found guilty by a jury verdict on July 24, 2012, more than six years and one-half years before he filed the current Rule 33 motion. Although the Court cannot grant a motion for a new trial during an appeal, the time for filing a Rule 33 motion is not tolled while the case is on appeal. See, e.g., United States v. Jackson, No. CR 13-189, 2018 WL 3068191, at *1 (E.D. La. June 21, 2018); Carter v. United States, No. 1:09-CR-103-HSM-SKL-1, 2018 WL 1387065, at *11 n.10 (E.D. Tenn. Mar. 19, 2018). Thus, Defendant's Rule 33 motion is time-barred and is denied. See, e.g., United States v. Ortega, No. CR00-3020-MWB, 2007 WL 9701177, at *1 (N.D. Iowa May 3, 2007) (holding motion for new trial based on newly discovered evidence was time-barred when it was filed more than six and one-half years after the jury returned its guilty verdict).

Even if Defendant's Rule 33 motion based on newly discovered evidence were timely, it would still fail.

> To obtain a new trial, a defendant must show that: (1) the evidence was not discovered until after the trial; (2) due diligence would not have revealed the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such as to be likely to lead to acquittal.

United States v. Gianakos, 415 F.3d 912, 926–27 (8th Cir. 2005). "The standard for a new trial on this basis is rigorous because these motions are disfavored." United States v. Huggans, 650 F.3d 1210, 1225 (8th Cir. 2011) (citations omitted).

Defendant has failed to meet his burden of showing the existence of any new evidence which would likely produce an acquittal if a new trial were granted. Defendant claims that he has discovered new evidence that shows that it was "absolutely impossible" for penetration of the victims to have occurred based on the physical findings. ([Docket No. 124] at 6.) The only evidence that Defendant points to as newly discovered evidence are letters from doctors Charlene Sabin, M.D., P.C., and Fredrick Jorgenson, M.D. In her letter, Sabin states, "I no longer do physical exams in my practice and I don't generally testify about physical findings." ([Docket No. 124-1] at 4.) Thus, this evidence cannot constitute newly discovered material evidence that, as Defendant claims, penetration could not have occurred based on the physical findings.

Defendant also presents a letter from Jorgenson stating that the absence of physical findings means that no penetration occurred. "Implicit in a claim of newly discovered evidence is that there is new evidence—that is, material that is admissible at trial." United States v. Hill, 737 F.3d 683, 687 (10th Cir. 2013)

6

(gathering cases). A witness may not testify about his opinion based on his specialized knowledge – as opposed to testimony based on his own participation in or personal knowledge of the events – unless he is qualified as an expert. See Fed. R. Evid. 701, 702; <u>United States v. Turner</u>, 781 F.3d 374, 388 (8th Cir. 2015). Defendant has submitted no information, such as credentials, experience, or a curriculum vitae, that would indicate that Jorgenson is qualified as an expert to give his stated opinion. Thus, he has not shown that the evidence is material; nor has he shown that it would be likely to produce an acquittal if a new trial were granted. Moreover, there is no indication that such proposed expert opinion could not have been discovered prior to trial with due diligence. <u>See, e.g.</u>, <u>United States v. McKinney</u>, 79 F.3d 105, 108 (8th Cir. 1996), <u>rev'd on other grounds</u>, 520 U.S. 1226 (1997).

### B. Successive Habeas

Although Defendant's motion is titled as a motion for a new trial under Rule 33, in substance, Defendant's motion is a successive § 2255 motion. Defendant's purported Rule 33 motion repeats the same arguments that he made in his previous § 2255 motion. He claims that his trial counsel was ineffective for failing to engage and present a forensic medical expert to challenge the victims' allegations of penetration; that the Court erred in excluding Judith Jourdain's

7

testimony and sustaining the relevancy objections to Tammy Brummitt's testimony; and that his counsel was ineffective for failing to call particular witnesses regarding whether D.J. had recanted her allegation of sexual abuse by Defendant and for failing to present photographs of the inside of the house. He also alleges prosecutorial misconduct in the form of threats to a witness. Defendant is reasserting the same claims that the Court already rejected in denying his first § 2255 motion.

Before a Court can consider a successive habeas petition, whether based on newly discovered evidence or a new rule of constitutional law, a defendant must first obtain pre-authorization from the Court of Appeals. 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). The Eighth Circuit has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by bringing successive 2255 actions under other names. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). See also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

Here, Defendant has not obtained Eighth Circuit pre-authorization to file a successive habeas petition and yet asserts the same arguments that he previously asserted in his § 2255 motion. Thus, properly construing the current Rule 33 motion as another § 2255 motion, the motion is barred as an unauthorized successive habeas.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant Dean Earl Wilkens' Motion for a New Trial under Federal Rules of Criminal Procedure 33 [Docket No. 124] is **DENIED**.

Dated:  June 27, 2019                             s/ Michael J. Davis                       
                                                                Michael J. Davis
                                                                United States District Court