## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEAN E. WILKENS,

**MEMORANDUM OF LAW AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Criminal File No. 12-74 (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Dean E. Wilkens, pro se.

## I.    INTRODUCTION

This matter is before the Court on Wilkens's Motion for Compassionate

Release, under 18 U.S.C. § 3582(c)(1)(A).  For the reasons addressed below, this

motion is denied.

## II.    BACKGROUND

The underlying facts involved Wilkens abusing three of his wife's

grandchildren. Wilkens lived on the Red Lake Indian Reservation with his wife,

Judith Jourdain. (PSR ¶¶ 5–9.) Wilkens and his wife obtained physical custody of

her three grandchildren starting in December 2008. (PSR ¶ 6.) One of the

grandchildren told a school counselor that Wilken was sexually abusing her.

(PSR ¶ 7.) The children were then removed from the home and were

subsequently examined and interviewed. (PSR ¶¶ 8–10.) The interviews revealed that Wilkens had sexually abused the children.

In February 2012, Wilkens was charged with three counts of aggravated sexual abuse of minor children. (Doc. 1.) In May 2010, the government issued a superseding indictment to add two additional counts against Wilkens, one for aggravated sexual abuse and one for abusive sexual conduct. (Doc. 30.) Count 5, abusive sexual conduct, was subsequently dismissed. (Doc. 55.)

On July 24, 2012, a jury returned a guilty verdict for Wilkens on all four counts of aggravated sexual abuse. (Doc. 62.) This Court then sentenced Wilkens to 360 months on each of the four counts, to be served concurrently. (Doc. 76.) Wilkens appealed his conviction, and the Eighth Circuit affirmed. See United States v. Wilkens, 742 F.3d 354, 357 (8th Cir. 2014). He subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255 and a motion for a new trial, both of which this Court denied. (Docs. 101, 112, 124, 128.)   The Court denied Wilkins a certificate of appealability.  (Doc. 112.)  Wilkins appealed to the Eighth Circuit and applied for a certificate of appealability.  The Eighth Circuit denied the certificate of appealability and dismissed Watkins' appeal.  (Doc. 122.)

Wilkens is currently serving his sentence at Oxford FCI and is set to be released in September 2036. See BOP, Find an inmate, www.bop.gov/inmateloc (last accessed April 29, 2026).

## III.   DISCUSSION

Wilkens makes three claims for compassionate release. First, he claims that there is an "unwarranted national disparity" between his prison sentence and sentences for other sex offenses. Wilkens notes that the average length of imprisonment for sex crimes is 222 months and the median length is 216 months. (Id. at 3–4.) Further, Wilkens argues that he received a "trial penalty" when he was sentenced to 360 months. (Id. at 11–12.)

Second, Wilkens claims he is experiencing a "serious deterioration in physical or mental health because of the aging process." (Id. at 7.) Wilkens notes that he suffers from sleep apnea, high blood pressure, chest pains, bad knees, high cholesterol, and other medical issues. (Id. at 7.)

Third, Wilkens asserts that the "extremely restrictive conditions required by the COVID-19 pandemic" warrants his compassionate release. (Id. at 8.) Specifically, Wilkens notes that the COVID-19 pandemic resulted in lockdowns for weeks and months at a time, he does not get a shower daily, the food is cold,

he is deprived of medical treatment and supplies, there are insufficient cleaning solutions available, his recreation time has been affected, and his visits from family and friends are restricted. (Id. at 8–9.)

### A.   Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).  U.S.S.G. § 1B1.13 lists various circumstances to find that "extraordinary and compelling reasons" warrant a reduction in prison sentence. Relevant here, "extraordinary and compelling circumstances" can occur when the defendant is suffering from deteriorating physical or mental health because of the aging process, the age of the defendant, and circumstances where the defendant is serving an unusually long prison sentence and there has been a change in the law. See U.S.S.G. § 1B1.13(b).

### B.    Exhaustion of Administrative Remedies

Before the Court will consider a defendant's claim to reduce his prison sentence, the claims must first be presented to the BOP.  18 U.S.C. § 3582(c)(1)(A); United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).  Claims not first presented to the BOP must be dismissed without prejudice because the exhaustion requirement is a "mandatory claim processing rule."  Id.

Here, Wilkens has presented evidence that he first raised his claims with the BOP. Wilkens filed an Initial Request to FCI-Oxford Warden. (Doc. 130 at 4–5.)  Wilkens indicates that BOP did not respond and that this Court then has jurisdiction over the question. (Id.)

The government agrees that Wilkens' properly raised his request to the BOP and that his motion is ripe for adjudication. (Doc. 136 at 5.) Therefore, the Court will consider that this motion is properly before the Court.

### C.    Compassionate Release

None of Wilkens's reasons satisfy his burden to state "extraordinary and compelling" circumstances that comport with the statute.  See United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating that "the inmate bears the burden to establish that compassionate release is warranted and the

district court is not required to investigate possible avenues for relief or to develop the record in support of a motion") (citation omitted).

### 1.    Disparity in Sentencing

Wilkens argues that a reduced sentence is warranted because his 360-month sentence would have been substantially lower if he were sentenced today, there is a significant sentencing disparity in similarly situated individuals, and that he received a "trial penalty." (Doc. 129 at 4–5.)

First, to the extent that Defendant frames the grounds for compassionate release as a challenge to his underlying sentence, including the sentence imposed as a "trial penalty," such argument is precluded by Eighth Circuit case law. See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) (holding that defendant could not "avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead") (citation omitted); United States v. Mallett, No. CR 17-264(3) (DWF), 2023 WL 4203155, at *2 (D. Minn. June 27, 2023). Wilkens has previously filed a motion under § 2255 to Vacate, Set Aside, or Correct Sentence, which the Court denied on March 14, 2016. (Doc. 112.)

Second, if Defendant seeks to invoke the "unusually long sentence" argument as permitted by U.S.S.G. § 1B1.13(b)(6)[1], this argument also fails. Under section 1B1.13(b)(6), those who received an "unusually long" sentence may be candidates for a reduced sentence if they have served at least 10 years of the sentence and a change in the law has occurred that would generate a "gross disparity" between the sentence imposed and one likely to be imposed at the time the motion is filed. These circumstances do not apply to Wilkens.

Wilkens did not receive an unusually long sentence. While the Sentencing Guidelines do not define what an unusually long sentence is, the Eighth Circuit finds that an "unusually long" sentence "must be determined in the context of a particular defendant and his offense conduct." United States v. Rodriguez-Mendez, 168 F.4th 1123, 1126 (8th Cir. 2026).  Here, Wilkens was convicted of four counts of aggravated sexual abuse. His sentence carried a mandatory minimum sentence of 30 years, and his Guidelines range included the possibility

---

[1] The Court acknowledges that the United States Supreme Court is currently considering the validity of § 1B1.13(b)(6). See Carter v. United States, S. Ct. No. 24-860; Rutherford v. United States, S. Ct. No. 24-820. The Court does not intend to speculate as to how the Supreme Court will rule on this issue and instead makes its current judgment based on the state of Eighth Circuit case law. Depending on the outcome, the Supreme Court's decision on this matter may permit Wilkens to submit a subsequent motion for compassionate release.

of life in prison. See 18 U.S.C. § 2241(c). His sentence then, which was the mandatory minimum, is not "unusually long" in any sense. See e.g., United States v. McGruder, 2024 WL 3176237 at *1 (D. Minn. June 26, 2024) (finding that a mandatory life sentence for murdering a four-year old in aid of racketeering is not "unusually long", "it is the norm."); United States v. Garretson, 2024 WL 3567407 at *6 (W.D. Ark. July 29, 2024) (denying compassionate release to defendant serving life in prison for sexually abusing children where "life was the Guideline sentence in this case."). Further, as is discussed further below, the particularly horrific facts underlying the offense conduct warrants a sentence of 30 years.

Moreover, there has been no change in the law to justify a reduction in sentence under § 1B1.13(b)(6). As it stands, the mandatory minimum sentence for aggravated sexual abuse remains 30 years – or 360 months – in prison. See 18 U.S.C. § 2241(c). As the Court in McGruder points out, if the relevant law has not changed, "there is obviously no 'gross disparity' between [the defendant's] sentence and the sentence that would be imposed today." 2024 WL 3176237 at *1.

### 2.   Medical Issues

Wilkens asserts that he is experiencing a "serious deterioration in physical or mental health because of the aging process," including by suffering from sleep apnea, high blood pressure, chest pains, bad knees, and high cholesterol. (Doc. 129 at 7.)

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that <u>substantially diminishes</u> the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(B) (emphasis added).

Based on Wilkens's medical exhibits, the Court does not dispute that Wilkens is suffering from ailments common among aging adults. (<u>See</u> Doc. 130 at

7–8.)  However, such claims fail to evidence the type of "serious deterioration" in Wilkens's physical health that has "substantially diminish[ed]" his ability to provide self-care. In fact, it appears from Wilkens's provided documents that he is receiving medical treatment and has access to medical supplies to help his sleep apnea and high blood pressure. (See id.)

Further, as the Government points out, Wilkens's own exhibits demonstrate that he is currently leading an active life in prison. He has taken courses, served as a tutor and teaching assistant, and participated in various walking and running clubs. (See Doc. 130 at 35–50.) These active activities only further indicate that while Wilkens may be experiencing symptoms of the natural aging process, Wilkens's health does not present the type of "extraordinary and compelling" reasons to warrant compassionate release.

### 3.    COVID-19 Prison Conditions

Wilkens claims that the conditions in prison following the COVID-19 pandemic warrant his compassionate release. (Doc. 129 at 8–11.) As stated above, Wilkens indicates that the "restrictive conditions" required by the COVID-19 pandemic has resulted in changes in frequent lockdowns, inadequate medical

treatment, inadequate access to medical/cleaning supplies, limits on recreation, and reduced access to visits from family and loved ones. (Id. at 8–9.)

However, as a matter of law, prison conditions, policies, and programs that affect a large number of inmates are not "a particularized reason" for an individual Defendant's early release.  See United States v. Catano-Morales, No. 18-cr-242 (ADM/TNL), 2022 WL 3647878, at *2 (D. Minn. Aug. 24, 2022) (noting that prison conditions "affect all inmates and are not a particularized reason for [a defendant's] release") (citations omitted).  As the Government notes, Defendant's proper vehicle to seek relief is through a civil suit, if he wishes to challenge the conditions of his confinement.  (Doc. 136 at 11–12 (citations omitted).)  Accordingly, on the record before it, the Court denies Defendant's motion for early release on this basis.

### D.     Wilkens is a Danger to the Community

The Court must deny a sentence reduction unless it determines a defendant "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2).  The Court finds that the seriousness of Wilkens's underlying offense demonstrates his continued danger to children.

11

In evaluating danger, the Court must consider "that [the defendant] did not commit his crimes using brute force alone. Instead, he was able to use his authority in the household and influence as a father figure to gain his victims' compliance." See United States v. Garretson, No. 2:16-CR-20029, 2024 WL 3567407, at *7 (W.D. Ark. July 29, 2024). This is the exact circumstance here, where Wilkens was convicted of sexually abusing children that were entrusted to his care. He took advantage of his position to victimize his wife's grandchildren, and they suffered considerable harm from his actions. (See e.g., PSR ¶ 61 (noting that one of the victims was diagnosed with post-traumatic stress disorder and required medication).) The Court imposed a sentence of 360 months to reflect the severe nature and circumstances of the offense.

Further, Wilkens' argues that he "poses no threat to anyone" due to his age of 73 years old. However, this Court is not convinced by this argument and is instead persuaded by the reasoning of the District of Nevada in United States v. Mortensen, where the Court denied a 70-year-old defendant's motion for compassionate release based on his conviction for the offense of trading child pornography and attempting to solicit teenagers online. See No. 211CR00095JADCWH, 2020 WL 2549970, at *2 (D. Nev. May 19, 2020). The Court

noted that "[t]he predatory nature of this conduct by a man (then) in his late fifties cannot be overlooked and suggests that he remains a danger to the community." Id. Similarly here, Wilkens committed the underlying offenses in his 50s and the Court cannot overlook the danger he remains to the community.

### E.  Section 3553(a) Factors

The 18 U.S.C. § 3553(a) factors also weigh against granting this motion. The sentence the Court gave Defendant of 360 months, where the guidelines provided for life in prison, was the statutory mandatory minimum sentence that provided just punishment for the offense, reflected the seriousness of the offense, and promoted respect for the law.

As stated above, the horrific circumstances of Wilkens's crime weigh heavily against his release. Wilkens sexually abused children in his care over the course of several years. Any reduction in his criminal sentence would create a risk for other children to be abused by Wilkens.

13

## IV.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that Wilkens's Motion For Compassionate Release Under 18 U.S.C. §

3582(c)(1)(A) **[Doc. 129]** is **DENIED**.

Date:  May 1, 2026

<u>s/Michael J. Davis</u>
Michael J. Davis
United States District Court